FILED
SUPERIOR COURT
OF GUAM

2021 FEB 19 PM 1: 10

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **ASSOCIATION OF THE APARTMENT OWNERS OF THE CLIFF,** | **CIVIL CASE NO.: CV0287-19** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | Re: Request by Defendant to Enlarge Time |
| **MANUEL I. CONCEPCION and ANNA MARIE CRUZ,** | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 18, 2021, upon Request by Defendant Manuel I. Concepcion to Enlarge Time to Oppose the Motion for Summary Judgement By Plaintiff. The Plaintiff, the Association of the Apartment Owners of the Cliff ("Association") are represented by Jacques G. Bronze, Esq. The Defendant, Manuel I. Concepcion ("Defendant"), is represented by Curtis Van de veld, Esq. For the reasons set forth below, having reviewed the moving paper and oral arguments of both parties, the Court **GRANTS** the Request by Defendant Manuel I. Concepcion to Enlarge Time to Oppose the Motion for Summary Judgement By Plaintiff.

# BACKGROUND

The Association filed a complaint in this matter on March 21, 2019. See Compl. (March. 21, 2019). On April 17, 2019, Defendants, acting pro se, filed a timely answer. See Answer. (Apr. 17, 2019). The Association filed a Motion for Summary Judgment on December 14, 2020, with an Opposition Brief due by Defendants on January 11, 2021. See Pl.'s Mot. for Summ. J. (Dec. 14, 2020); See also CVR 7.1 Form 1 (Dec. 14, 2020). Attorney Curtis Van de veld, Esq., entered an appearance in this case on February 18, 2021, representing the allegedly pro se acting Defendant. See Entry of Appearance of Counsel for Defendant (Feb. 18, 2021). Defendant, through newly hired Counsel, filed the instant motion, seeking an enlargement of time to oppose the Motion for Summary Judgment. See Request to Enlarge Time (Feb. 18, 2021).

The Association argues that an attorney, Rawlen Mantanona, Esq., represented to the Plaintiff, through an email correspondence that he represented the Defendant, Manuel I. Concepcion, in another case, CV0189-19, which has much of the same factual basis, and is also being pursued by the Association and Attorney Bronze. See generally Min. Entry (Jan. 29, 2021). The Defendant attempted to pursue a global settlement for both cases, but the Association does not wish to settle in the present case, and Attorney Mantanona had not entered an appearance in the current action. *Id.* However, the Association argues that in January of 2021, Defendant was represented by Attorney Mantonona, who was attempting to settle the case, and they were aware of the pending Motion for Summary Judgment which was filed on December 14, 2021. Motion Hearing (Feb. 18, 2021); Pl.'s Mot. for Summ. J. (Dec. 14, 2020).

Alternatively, the Association argues that Defendant was aware of the pending Motion for Summary Judgment and had ample time to retain counsel. Motion Hearing (Feb. 18, 2021). Instead, according to the Association, he waited until the morning before the Motion Hearing to enter an appearance of counsel and file the instant motion seeking to enlarge time. *Id.* The Court held a hearing a February 18, 2021, and heard the oral arguments of both parties, and subsequently took the matter under advisement.

# DISCUSSION

The Local Rules of the Superior Court of Guam provide for situations where a party fails to file a paper in a timely manner. The relevant rule states, in part:

(f) Failure to File Required Papers. Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court.

CVR Rule 7.1(f).

A court may grant a party a longer period to file his moving papers under Guam Rules of Civil Procedure, Rule 6(b), which states, in part:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

GRCP 6(b).

The Guam Supreme Court has clarified that "[t]his portion of the rule thus requires (1) a motion and (2) a showing that the failure to act was the result of excusable neglect." *Government of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 23. Further, "[a]s Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Id.* ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10).

Accordingly, "any extension of a time limitation must be 'for cause shown.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 (1990). The phrase "excusable neglect" is an elastic concept, and the drafters of Federal Rules of Civil Procedure "did not indicate they intended anything other than the commonly accepted meaning of the phrase . . ." *Kettle Range Conservation Group v. U.S. Forest Service*, 8 Fed.Appx. 729, 731 (9th

Cir. 2001). Ultimately, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Thus, the Court "must consider all the circumstances in deciding whether to excuse a party's neglect, notably 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 732 (*quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 391 (1993)).

Here, it is undisputed that Defendant filed a motion requesting to enlarge time after the deadline for a responsive motion was due. Thus, the key question becomes whether an extension should be granted due to excusable neglect. First, Plaintiff has not argued any prejudice, and none appears to the Court. See *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient . . .") (*quoting Hiberia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985)). Finally, the motion at issue is a Motion for Summary Judgment which, if granted, would effectively end the case and losing that unopposed opportunity is not prejudicial. See *Ahanchian v. Xenon Pictures, Inc.*, 624 F.2d 1253, 1262 (9th Cir. 2010) ("At most, [nonmovant] would have won a quick but unmerited victory, the loss of which we do not consider prejudicial").

Next the length of the delay caused by the Motion to Enlarge Time has been relatively minor. The Opposition Brief was due on January 11, 2021, and Defendant filed his Motion to Enlarge Time on February 18, 2021, requesting a twenty eight day extension. This is typically not a delay significant enough to justify denying relief. See *Bateman*, at 1225 (*finding* a month-long delay not enough to justify denying relief). While the delay here is almost two (2) months, the trial, if held, will likely occur in July of 2021, and therefore a delay of this length does not supply "evidence that the trial would have been postponed for inordinate amount of time." See *Id.* Finally, the twenty eight (28) day period requested is justified due to the length of the Motion for Summary Judgment, and the well-formed and complex legal arguments therein.

Next, the reason for the delay, according to Defendants, was "[d]ue to inability to hire counsel and delays caused by the COVID pandemic, formerly pro se Defendants were unable to present an opposition to the motion for summary judgment due to the lack of

ability to understand and know how to present their defenses." See Request to Enlarge Time (Feb. 18, 2021). The Defendants were acting pro se, as an attorney had not entered an appearance in the matter, despite the contentions of the Association. The Guam Supreme Court has held, "deference should be given toward a pro se party's litigation efforts." *McGhee v. McGhee*, 2008 Guam 17 ¶ 11. Further, the COVID-19 pandemic is "not within the meaningful control" of the Defendants. See *Duenas v. Brady*, 2008 Guam 27 ¶ 22. Thus, the reason for the delay, including the failure of Defendants to understand how to present a defense, and the difficulty in obtaining a lawyer in the midst of a global pandemic, are valid.

Finally, while the Defendant has certainly been dilatory in obtaining counsel, the court can find no evidence of bad faith, and the Plaintiff has not alleged that any bad faith existed in failing to file the opposition paper in a timely manner. Thus, on the balance of factors, the Court must grant Defendant's Request to Enlarge Time.

## CONCLUSION

Based on the foregoing, Request by Defendant Manuel I. Concepcion to Enlarge Time to Oppose the Motion for Summary Judgement by Plaintiff is **GRANTED**.

**Opposition by Defendant is due by March 12, 2021.**

**Reply by Plaintiff is due by March 19, 2021.**

**MOTION HEARING: May 6, 2021 at 10:00 a.m. -** *teleconference*
**Teleconference No.: 969-7000  Meeting ID: 115-6384-5418**

SO ORDERED: _2/19/2021_

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam